UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IRAIDA FUENTES,<br><br>  Defendant. | Criminal No. 07-mj-0051 (AK) |

**DETENTION MEMORANDUM**

The Defendant, Iraida Fuentes, has been charged by criminal complaint with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The Government requested a detention hearing, which was held on February 26, 2007. At the conclusion of the detention hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, Officer Harry Allen with the Metropolitan Police Department ("MPD") testified for the Government. According to Officer Allen, at approximately 6:20 pm on February 20, 2007, he and another officer approached a vehicle near 212 Ridge Road in Northeast Washington, D.C. A male individual occupied the driver seat of the vehicle, and Defendant

- 1 -

occupied the passenger seat. The officers then searched the vehicle and found a black purse on the floor behind the driver seat. According to Officer Allen, the purse contained the following items: 1200 grams of powdered cocaine wrapped in a rectangular package; two birth certificates listing Defendant as the mother; and a piece of mail addressed to an individual with the same name as that of the child on one of the birth certificates. Also, no drug paraphernalia was found in the vehicle. Officer Allen further testified that, based on his experience as an officer in the narcotics division of MPD, the cocaine was packaged for distribution and had an estimated value of between $20,000 and $28,000.

At the close of the hearing, the Court found probable cause to believe that the Defendant had committed a violation of 21 U.S.C. § 841(a)(1).

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that the defendant's pretrial release would constitute an unreasonable risk of danger to the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has

the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook*, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

When, as here, there is probable cause to believe that a defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e).

In determining whether there are conditions of release which will reasonably assure the defendant's future presence in court or the safety of the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. §3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with possession with intent to distribute cocaine, a serious drug offense carrying a maximum prison term of 10 years or more.

The second factor, the weight of the evidence, also favors detention. A large quantity of

cocaine power was recovered from a bag in the vehicle that was within arm's reach of Defendant. Defendant is further linked to the bag by three documents: two birth certificates listing Defendant as the mother, and a piece of mail addressed to an individual with the same name as that of the child on one of the birth certificates.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. The Court is not aware of any prior criminal record by Defendant. However it was acknowledged by both parties that the U.S. Immigration and Customs Enforcement ("ICE") has revoked Defendant's asylum status and lodged a detainer against her. The Court thus has doubts that any release conditions would reasonably assure Defendant's future appearance in court.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Although the instant charges did not involve violent activity, the Defendant has been involved in the distribution or sale of a significant amount of cocaine, a dangerous and illegal substance that causes violence in the Washington, D.C. area.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. The Court also concludes by a preponderance of the evidence that no condition of combination of conditions can be imposed to reasonably assure the appearance of the Defendant as required. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case.

Therefore, the government's motion for pretrial detention is granted.


Dated: March  12th , 2007                          /s/
                                                  ALAN KAY
                                                  UNITED STATES MAGISTRATE JUDGE